**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pedro A. Simpson,<br><br>    Plaintiff,<br><br>v.<br><br>Megan J. Brennan,<br><br>    Defendant. | No. CV-20-00495-PHX-DWL<br><br>**ORDER** |

Pending before the Court are (1) Plaintiff's applications for default against the Postmaster General (Doc. 15), the United States Attorney General (Doc. 16), and the U.S. Attorney for the District of Arizona (Doc. 17), (2) Plaintiff's motions for default judgment against the same three individuals (Docs. 18, 19, 20), and (3) Defendant's motion for extension of time (Doc. 21). For the following reasons, Defendant's motion for extension of time will be granted and Plaintiff's applications and motions will be denied.

**BACKGROUND**

A.  The Complaint

On March 9, 2020, Plaintiff (who is proceeding *pro se*) initiated this action by filing a complaint. (Doc. 1.) In broad strokes, the complaint alleges that Plaintiff's former employer, the United States Postal Service ("USPS"), subjected him to harassment, retaliation, discrimination, and a constructive discharge due to his race, national origin, color, disability, and age. (*Id.* at 2.) The complaint seeks monetary damages of $2.5 million, as well as various equitable and other remedies. (*Id.* at 9-11.)

The complaint is not a model of clarity as to who is being sued. The caption of the complaint identifies only one defendant: "Megan J. Brennan, Postmaster General." (*Id.* at 1.) However, the jurisdictional section of the complaint states that "Defendant(s) are a United States Agency and its employees." (*Id.*)

The complaint also contains allegations that touch upon the issue of administrative exhaustion. Specifically, the final paragraph of the complaint alleges: "Plaintiff has filed a charge of discrimination against the defendant(s) with the USPS EEO Counselor/Officer. Plaintiff has received a Notice of Right to Sue Letter." (*Id.* at 11.) Additionally, enclosed as an attachment to the complaint is the "Final Agency Decision" of the USPS concerning Plaintiff's charge of discrimination, which was issued on February 6, 2020. (Doc. 1 at 12-46.) That decision concludes that "the evidence does not support a finding that [Plaintiff] was subjected to discrimination as alleged." (*Id.* at 45.) Directly afterward, under the heading "Appeal Rights," the decision explains that "[i]n lieu of an appeal to the Merit Systems Protection Board, [Plaintiff] may file a civil action in an appropriate United States District Court within thirty (30) calendar days of the date of receipt of this decision. If [Plaintiff] chooses to file a civil action, that action should be styled *Pedro Simpson v. Megan J. Brennan, Postmaster General*." (*Id.* at 46.)

B.  Procedural History

The docket states that the Clerk of Court issued three summonses to Plaintiff upon his filing of the complaint on March 9, 2020. (Entry between Docs. 6, 7.) The docket states that the first was addressed to "Megan J Brennan, Post Master General," the second was addressed to "U.S. Attorney," and the third was addressed to "U.S. Attorney General." (*Id.*)

On March 26, 2020, the Court issued its preliminary order. (Doc. 6.) Among other things, this order required Plaintiff to serve each defendant by June 9, 2020 and specified that the preliminary order had to be included in the service packet. (*Id.* at 1-2, 6.)

On April 13, 2020, Plaintiff filed a document entitled "Affidavit of Service of Summons and Complaint." (Doc. 9.) It states that, on March 14, 2020, Plaintiff served

"the United States and the US Postal Service" by sending a copy of "the Summons and Complaint" via certified mail to the U.S. Attorney for the District of Arizona, to the United States Attorney General, and to the General Counsel of the USPS. (*Id.* at 1-2.) Plaintiff also attached forms and receipts documenting these service efforts. (Docs. 9-1, 9-2, 9-3.)

On April 20, 2020, Plaintiff filed a document entitled "Notice of Service of Preliminary Order." (Doc. 10.) It states that, on April 13, 2020, Plaintiff served the preliminary order "upon the United States and the US Postal Service" by sending it via certified mail to the same recipients identified in the previous notice. (*Id.* at 1-2.) Plaintiff also attached forms and receipts documenting these service efforts. (Docs. 10-1, 10-2.)

On May 20, 2020, Plaintiff filed applications for entry of default against the Postmaster General (Doc. 15), the United States Attorney General (Doc. 16), and the U.S. Attorney for the District of Arizona (Doc. 17).[1]

On May 22, 2020, Plaintiff filed motions for default judgment against the Postmaster General (Doc. 18), the United States Attorney General (Doc. 19), and the U.S. Attorney for the District of Arizona (Doc. 20).[2] That same day, Postmaster General Brennan filed a motion for extension of time to respond to the complaint. (Doc. 21.)

**DISCUSSION**

As a preliminary matter, the clerk has not yet entered default so any motions for default judgment are premature. *Tropicana Entm't Inc. v. N3A Mfg., Inc.*, 2018 WL 2088871, *1 (D. Nev. 2018) ("[E]ntry of default by the clerk is a prerequisite to an entry of default judgment . . . ."). There can be no basis for granting a default judgment until default is entered. *See, e.g.*, *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (the factual allegations of the complaint, except those relating to the amount of damages, are taken as true upon entry of default).

---

[1] Although each application appears to be identical, Plaintiff indicated, when creating the CM/ECF docket entry for each application, that the first applies to the Postmaster General, the second applies to the Attorney General, and the third applies to the U.S. Attorney.

[2] Like the applications, the motions are identical and only the docketing indicates which motion applies to which entity.

Furthermore, two of the applications for entry of default and motions for default judgment—those directed toward the United States Attorney General and the U.S. Attorney for the District of Arizona—are asserted against non-parties. Rule 55(a) of the Federal Rules of Civil Procedure provides that a default must be entered upon application "[w]hen a *party* against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." *Id.* (emphasis added). Here, the United States Attorney General and U.S. Attorney for the District of Arizona are not "parties" because they are not named (and could not properly be named) as defendants in the complaint.

Finally, the sole defendant in this action—Postmaster General Brennan,[3] who is represented by the U.S. Attorneys' Office—has filed a motion seeking additional time to respond, explaining that the May 18, 2020 deadline to respond was missed due to a calendaring error caused by the shift to telework necessitated by the COVID-19 pandemic. (Doc. 21.)

Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the

---

[3] It appears that Plaintiff is suing the Postmaster General in an official capacity, not in an individual capacity. Thus, Plaintiff's service efforts are governed by Rule 4(i)(2) of the Federal Rules of Civil Procedure, which specifies how to "serve . . . a United States officer or employee sued only in an official capacity." Under Rule 4(i)(2), such service may be accomplished by (a) sending a copy of the summons and complaint, via registered or certified mail, "to the . . . officer [or] employee," and (b) complying with the additional requirements of Rule 4(i)(1), which mandates sending a copy of the summons and complaint, via registered or certified mail, to both "the civil-process clerk at the United States attorney's office" and "the Attorney General of the United States at Washington, D.C." Plaintiff has submitted evidence establishing that he satisfied all of these requirements. He properly served the U.S. Attorney's Office and the Attorney General, and although his service attempt upon the "General Counsel" of the USPS (Doc. 9 at 2) may not seem, at first blush, to comply with Rule 4(i)(2)'s requirement that the summons and complaint be sent to the "officer [or] employee" being sued (*i.e.,* the Postmaster General herself), the USPS has issued regulations establishing that "[t]he General Counsel of the Postal Service shall act as agent for the receipt of legal process against . . . [all] officers and employees of the Postal Service to the extent that the process arises out of the official functions of those officers and employees." 39 C.F.R. § 2.2. Thus, service upon the USPS's general counsel was sufficient. *Cf. Munger v. Soc. Sec. Admin.*, 2019 WL 2869187, *2 (W.D. Wash. 2019) (service upon the general counsel of the Social Security Administration was effective because a federal regulation, 20 C.F.R. § 423.1, specifically identifies the general counsel as an authorized service recipient); *Wright v. Tricare Management*, 2007 WL 725797, *2 (W.D. Ark. 2007) (same re: service upon general counsel of the Department of Defense). However, Rule 4(i)(2) does not convert the U.S. Attorney's Office and the Attorney General into parties to the action.

time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Courts assessing whether neglect is "excusable" must consider four factors: "[1] the danger of prejudice to the [non-moving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 365 (1993).

Here, the delay is minimal (the motion for extension of time was filed four days after the response deadline) and there is little to no danger of prejudice to Defendant. The Ninth Circuit has held that calendaring errors can constitute excusable neglect. *See*, *e.g.*, *Washington v. Ryan*, 833 F.3d 1087, 1099 (9th Cir. 2016) ("[W]here other factors counsel relief, a calendaring mistake and related failure to catch that mistake is no bar to [relief under the *Pioneer* test]."). Moreover, the current pandemic has caused global disruption. There no evidence of bad faith. All of the factors weigh in favor of granting the extension of time. The Court therefore finds it appropriate to grant the motion.

Because Defendant is participating in this action and her deadline to respond has been extended, it would not be appropriate for the Clerk to enter default against her.

Accordingly,

**IT IS ORDERED** that the Clerk shall **not** enter default against Defendant Brennan or nonparties U.S. Attorneys' Office or U.S. Attorney General, and Plaintiffs' motions for default judgment (Docs. 18, 19, 20) are **denied**.

**IT IS FURTHER ORDERED** that Defendant's motion for extension of time (Doc. 21) is **granted**. Defendant's deadline to respond to the complaint is extended to **June 1, 2020**.

Dated this 26th day of May, 2020.

Dominic W. Lanza
United States District Judge